**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PASCHAL J. LANIGAN II,                                      Case No. 1:15-cv-417

            Plaintiff,                                  Beckwith, J.
                                                           Bowman, M.J.
    v.


COMMISSIONER OF SOCIAL SECURITY,

            Defendant.


**REPORT AND RECOMMENDATION**

Plaintiff Paschal J. Lanigan II filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims for this Court's review. As explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED.

**I.  Summary of Administrative Record**

Plaintiff filed applications for both Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") on April 5, 2011, alleging a disability onset date of February 10, 2011, due primarily to physical and mental impairments. (Tr. 15-16). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 77-96, 99-124).  In October 2013, Administrative Law Judge ("ALJ") Larry A. Temin held a hearing, at which Plaintiff appeared with counsel.  Plaintiff, her attorney, and a vocational expert all testified.  ALJ Temin issued a decision on February 25, 2014,

concluding that Plaintiff was not disabled. (Tr. 13-27).  The Appeals Council denied review; therefore, the ALJ's decision remains as the final decision of the Commissioner. Plaintiff filed the instant complaint in order to challenge the ALJ's decision.

Plaintiff was 37 years old, which is defined as a younger individual, at the time his alleged disability began.  He has an eleventh grade education and has past relevant work as a subcontractor/swimming pool installer.  (Tr. 39, 940).  He stated that he last worked in the summer of 2010. (Tr. 39). Plaintiff had a stroke in February 2011.  (Tr. 42).  He meets the insured status requirements of the Social Security Act through March 31, 2015.

The ALJ determined that Plaintiff has the following "severe" impairments:  "status past stroke; mild degenerative changes of his bilateral knees; obesity; and a mood disorder."  (Tr. 15).  The ALJ noted four additional conditions: hypertension, gastroesophageal reflux disease (GERD), systolic ejection murmur, and myalgias all of which were found to be non-severe.  (Tr. 16).  The ALJ concluded that none of Plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, such that Plaintiff was entitled to a presumption of disability.  (*Id*).  Rather, the ALJ concluded that Plaintiff retained the following residual functional capacity ("RFC") to perform sedentary work, except:

> The claimant can lift/carry/push/pull up to 10 pounds occasionally and 5 pounds frequently.  The claimant can stand and/or walk for up to 2 hours in an eight-hour workday (for one hour at a time, and then [sic] must be able to sit for 2-3 minutes).  The claimant requires the use of an assistive device (walker) for ambulation.  The claimant can sit for up to 8 hours in an eight-hour work day.  The claimant can only frequently balance, and can only occasionally kneel, crouch, and climb ramps, and stairs. The claimant can never stoop, crawl, or climb ladders, ropes, and scaffolds.

2

> The claimant can never use vibratory tools or power tools, operative automotive equipment, or work at unprotected heights or around hazardous machinery.  The claimant is able to perform only simple, routine, repetitive tasks.  The claimant is limited to only superficial interaction with the general public, coworkers, and supervisors. The claimant cannot work at a rapid production-rate pace.  His job should not require more than ordinary and routine changes in work setting or duties.

(Tr. 19). The ALJ found that he could not perform *any* of his past relevant work.  (Tr. 25).  Despite being unable to perform prior work, the ALJ determined, based on the VE's testimony, that Plaintiff still could perform representative sedentary level jobs such as order caller, coupon counter, and logistics/information clerk.  (Tr. 26).  Therefore, the ALJ concluded that Plaintiff is not under a disability.  (Tr. 27).

In his Statement of Errors, Plaintiff specifically argues that the ALJ erred by: (1) improperly evaluating Plaintiff's limitations; and (2) failing to pose hypothetical questions to the vocational expert that accurately portrayed Plaintiff's impairments.

## II.  Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability."  *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion .... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

4

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is supported by substantial evidence**

At the outset, the Court notes that Plaintiff's statement of errors consists primarily of unsupported and conclusory allegations, and fails to develop his arguments in support of the alleged errors committed by the ALJ in any meaningful way. The Court has no obligation to search the record to develop and support the arguments of the parties. See *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir.2006). Rather, the Court's review is limited to the specific issues the parties raise. *Id.* Plaintiff's conclusory allegations fail to identify or sufficiently explain whether the record contains evidence that is inconsistent with the ALJ's findings. In any event, the Court will address the specific errors alleged by Plaintiff.

*1. ALJ's RFC finding*

Plaintiff contends that the ALJ's RFC finding did not adequately account for his allegations or the opinions from his treating physician and physical therapist. Plaintiff asserts that the ALJ's RFC finding and the hypothetical questions to the vocational expert did not properly account for Plaintiff's balance limitations.

The undersigned finds that the ALJ's RFC finding is consistent with the objective evidence as well as Plaintiff's statements concerning his limitations. (Tr. 20). In this regard, the ALJ noted that Plaintiff had a stroke around the time of his alleged onset

5

date, but found that the evidence failed to establish that Plaintiff had any resulting disabling limitations. (Tr. 21). The record reveals that a neurological examination showed no abnormalities, as there was no evidence of any atrophy, tremor, cranial nerve or sensory deficits, seizure activity, coordination problems, or gait disturbances. (Tr. 354).  Additionally, the ALJ noted that a CT scan of Plaintiff's head revealed some evidence of a stroke, but subsequent MRI studies failed to show any abnormalities. (Tr. 323-26, 332). The ALJ also referred to a May 2011 examination with Dr. Daniel Kanter, a neurologist, who failed to document any significant abnormalities. In September 2011, Dr. Salem Foad, a rheumatologist, examined Plaintiff and reported that he had no muscular weakness and normal ranges of motion in his shoulders, hips, and knees. (Tr. 373).

Moreover, Plaintiff testified that he had no problem lifting objects but had difficulty bending over to pick items up because of his balance. (Tr. 50). Plaintiff also reported difficulties with standing and walking, claiming that he must hold on to something while doing either activity. (Tr. 50-51, 58-59). He stated that he uses a walker to ambulate and that his balance issues made it hard to climb stairs. (Tr. 51-52).

As detailed above, the ALJ's RFC finding accounted for the fact that Plaintiff required the use of an assistive device for ambulation. (Tr. 19). The ALJ also found that Plaintiff could only frequently balance, and could only occasionally kneel, crouch, and climb ramps and stairs. (Tr. 19). Plaintiff could never stoop, crawl, or climb ladders, ropes, and scaffolds. (Tr. 19). Such limitations accurately account for Plaintiff's limitations.

Furthermore, despite Plaintiff assertions to the contrary, the ALJ properly weighed the findings of Dr. Gary Ray and physical therapist, Karen Scholl.  The specific regulation regarding treating physicians provides: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. §404.1527(c)(2); *see also Warner v. Com'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). The reasoning behind what has become known as "the treating physician rule" has been stated as follows:

> [T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)(quoting former 20 C.F.R. § 404.1527(d)(2)).  Thus, the treating physician rule requires the ALJ to generally give "greater deference to the opinions of treating physicians than to the opinions of non-treating physicians."  *See Blakley v. Com'r of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009).

If an ALJ rejects the opinion of a treating physician, he or she is required to provide "good reasons." 20 C.F.R. § 404.1527(c)(2).

> These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v.*

7

*Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir.2004).

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013)

The referenced general hierarchy of opinion evidence is not without exceptions. In accord with the regulatory language, controlling weight need not be given to a treating source's medical opinion that is not "well supported by medically acceptable clinical and laboratory diagnostic techniques" or one that is "inconsistent with the other substantial evidence in the record."  And no weight at all need be given to dispositive legal (as opposed to medical) opinions.  For example, a treating physician's conclusion that an individual is disabled would not be given controlling weight, since that issue is "reserved to the Commissioner." 20 C.F.R. §404.1527(d).  Though frequently litigated, both regulations and case law make clear that an ALJ may give the greatest weight to the opinions of even a non-examining consultant in appropriate circumstances.  *See* SSR 96-6p; *accord Miller v. Com'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016).

Here, the record indicates that Dr. Gary Ray, a specialist in physical medicine and rehabilitation, examined Plaintiff in January 2014. (Tr. 24, 461-63). Dr. Ray reported that Plaintiff exhibited normal sensation, reflexes, muscle tone, grip and manipulative abilities, and ranges of motion throughout all extremities (Tr. 462). Dr. Ray further noted that there were no joint abnormalities. (Tr. 462). The only significant physical finding from Dr. Ray's examination was that Plaintiff had difficulty with balance if upright and when he did not use his walker. (Tr. 462). Dr. Ray opined that Plaintiff was limited to sitting seven hours, standing two hours, walking one hour in an workday, and lifting no amount of weight. (Tr. 464-65). Dr. Ray also opined that Plaintiff could never perform any postural or environmental activities. (Tr. 467).

8

The ALJ gave "some weight" to Dr. Ray's findings. In so concluding the ALJ noted that while "Dr. Ray's identified exertional limitations are generally consistent with the objective evidence on record and [Plaintiff's own reports of his abilities, his examination does not support a finding that [Plaintiff] is unable to lift even ten pounds." (Tr. 24). The ALJ pointed out that Plaintiff exhibited full muscle strength and grip strength throughout his upper extremities during Dr. Ray's clinical examination. (Tr. 24). Those findings also undermine Dr. Ray's opinion that Plaintiff could never perform any postural limitations. See 20 C.F.R § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Accordingly, the ALJ's decision to give Dr. Ray's opinion "some" weight is well within the ALJ's zone of choice. *See Mullen v. Bowen,* 800 F.2d 535, 595 (6th Cir. 1986).

Additionally, as noted by the Commissioner, Plaintiff broadly contends that Dr. Ray's opinion deserves greater weight because it is consistent with the examination performed by Ms. Scholl. (Doc. 7 at. 3). However, Plaintiff does not identify any of Ms. Scholl's examination findings that would support Dr. Ray's opinion. Notably, Ms. Scholl, a physical therapist opined that Plaintiff was limited to sedentary work except that he needed a walker for ambulation, needed a job within 15-20 minutes of his home, and was unable to lift, push, pull, kneel, or climb. (Tr. 416-18). The ALJ gave this opinion some weight. (Tr. 24). As with Dr. Ray, the ALJ noted that the record did not support Ms. Scholl's statement that Plaintiff was unable to lift, push, or pull any weight. (Tr. 24). Specifically, the ALJ noted that clinical examination findings throughout the record showed that Plaintiff had no motor or sensory deficits in his upper extremities. (Tr. 24).

Ultimately the determination of a claimant's residual functional capacity is "reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(2). There is no doubt that where conclusions regarding a claimant's functional capacity are not substantiated by objective evidence, the ALJ is not required to credit those conclusions. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir.1994). Similarly, although "[g]enerally the opinions of treating physicians are given substantial, if not controlling, deference," they are only given such deference when the opinions are supported by objective medical evidence. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004). Thus, "if the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for his rejection*." Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir.2003); see also 20 C.F.R. § 1527(d)(2). Substantial evidence supports the ALJ's rejection of some of the restrictions offered by Dr. Ray in this case.

Here, the ALJ's explanation for discounting some of Dr. Ray's opinions was sufficiently articulated in his written opinion to satisfy the regulatory requirement that "good reasons" be specified for any rejection of a treating physician's opinion. See 20 C.F.R. § 404.1527(d)(2), § 1527(d)(2).

*2. Vocational Issues*

Plaintiff also perfunctory asserts argues that the ALJ's hypothetical questions were insufficient because they failed to account for all of his limitations as found by Dr. Ray. Plaintiff's contention lacks merit.

It is well established that an ALJ may rely on the testimony of a vocational expert to determine whether jobs would be available for an individual who has particular

workplace restrictions. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir.2004). In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of a conclusion that the claimant can perform other work, the question must accurately portray the claimant's physical and mental impairments. *See Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir.2010).

In this case, to the extent Plaintiff argues that her functional limitations were greater than those found by the ALJ, the Court has already rejected that argument. As noted above, the ALJ properly determined that some of Dr. Ray's limitations are not supported by the record and were therefore not adopted. The ALJ posed a complete hypothetical question to the VE–asking him to consider an individual with Plaintiff's age, education, work experience, and RFC–and reasonably accepted the VE's testimony that the hypothetical individual described could perform work that exists in significant numbers in the national economy. This testimony provides substantial evidence to support the ALJ's finding that Plaintiff is not disabled. *See Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir.1994) (where hypothetical accurately described the plaintiff in all relevant respects, the VE's response to the hypothetical question constitutes substantial evidence). Accordingly, the ALJ's decision is substantially supported in this regard.

In sum, the record reflects that the ALJ properly evaluated the medical record, medical opinions, and Plaintiff's own statements regarding his abilities. Accordingly, the ALJ's decision supported by substantial evidence and Plaintiff's asserted errors should be overruled.

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT:** 1) the decision of the Commissioner to deny Plaintiff's benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole; and 2) as no further matters remain pending for the Court's review, this case be **CLOSED.**


 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PASCHAL J. LANIGAN II,                                     Case No. 1:15-cv-417

          Plaintiff,                                     Beckwith, J.
                                                          Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13